The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number:_____

Filing Date: **June 18, 2024**

**No. A-1-CA-41140**

**BRITTNEY BARRERAS,**

Petitioner-Appellant,

v.

**ANGELA ARCHIBEQUE,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Debra Ramirez, District Court Judge**

Shelle Legal, LLC
David E. Shelle
Albuquerque, NM

Law Office of Jay R. Mueller
Jay R. Mueller
Albuquerque, NM

for Appellant

Durham, Pittard & Spalding, LLP
Caren I. Friedman
Philip M. Kovnat
Santa Fe, NM

for Appellee

# OPINION

**WRAY, Judge.**

{1}     Petitioner Brittney Barreras appeals the district court's dismissal of her petition to establish parentage, determine custody and time-sharing, and assess child support (the Petition) involving a minor child (Child). The district court determined that the New Mexico Uniform Parentage Act (NMUPA), NMSA 1978, §§ 40-11A-101 to -903 (2009, as amended through 2021) did not apply, dismissed the Petition, adjudicated that Petitioner was not a parent of Child, and ruled that Respondent Angela Archibeque, Child's biological mother, was Child's only legal parent. On appeal, Petitioner argues that (1) parentage must be determined under the NMUPA and the district court erred in concluding that the NMUPA did not apply; (2) Petitioner successfully established presumptive parentage of Child under the presumption, referred to as the holding out presumption, outlined in Section 40-11A-204(A)(5) (requiring a showing that "for the first two years of the child's life, [the presumed parent] resided in the same household with the child and openly held out the child as [their] own"); and (3) Respondent did not present evidence to rebut Petitioner's presumption of parentage. Petitioner urges this Court to reverse the district court and hold that Petitioner is Child's parent under the NMUPA. While we agree that reversal is required, under these circumstances, we remand to the district court to weigh the evidence under the NMUPA.

**BACKGROUND**

{2}    Petitioner and Respondent were in a romantic relationship and cohabitated from at least July 2019 until September 2021. Respondent gave birth to Child in July 2019. After the couple broke up and shortly after Petitioner moved out, she filed the Petition and sought to establish parentage, determine custody, and assess child support. Petitioner alleged that she had lived with Child for the first two years of Child's life and held out Child as her own. Acting pro se, Respondent initially filed a response to the Petition, followed by a motion to modify custody and time-sharing, and a motion to dismiss the Petition. Respondent's motion to dismiss argued that Petitioner should not be adjudicated a parent of Child, because Respondent had not intended for Petitioner to parent Child, Petitioner did not contribute financially to the household, their relationship was not a committed one, and Respondent did not feel safe based on Petitioner's contacts with her after their breakup. The district court held an evidentiary hearing on the motions, which focused on the motion to dismiss. Both parties were represented by counsel at the hearing and presented testimony to the district court, which acted as fact-finder. *See* § 40-11A-601 (providing that the rules of civil procedure for the district courts apply); § 40-11A-632 ("The district court, without a jury, shall adjudicate [parentage] of a child.").

{3}    The parties submitted post-hearing proposed findings of fact and conclusions of law. Petitioner argued specifically that the NMUPA applied and that she should

be a presumed parent of Child under Section 40-11A-204(A)(5), because she resided in the same household with Child for the first two years of Child's life and openly held Child out as her own. In the written order, the district court concluded that Petitioner was not a presumed parent under the NMUPA because the Child was not yet two years old and otherwise because Respondent intended to be a single parent and the parties did not agree to coparent, had no exclusive commitment to each other, and did not jointly contribute to a family home or daily life decisions. We will set forth additional facts in greater detail as we consider Petitioner's appeal of the district court's decision.

**DISCUSSION**

{4}     Resolution of this appeal requires us to interpret the NMUPA, which we review de novo. *See Chatterjee v. King*, 2012-NMSC-019, ¶ 11, 280 P.3d 283; *see also Hum. Servs. Dep't. v. Toney*, 2019-NMCA-035, ¶ 8, 444 P.3d 1074 (interpreting the NMUPA and applying de novo review). To the extent that this appeal implicates issues related to the district court's findings of fact, we review those determinations for substantial evidence. *See Vanderlugt v. Vanderlugt*, 2018-NMCA-073, ¶ 51, 429 P.3d 1269. "However, we give no deference to the district court's conclusions of law." *Chapman v. Varela*, 2009-NMSC-041, ¶ 5, 146 N.M. 680, 213 P.3d 1109. We begin by outlining the relevant portions of the NMUPA.

{5}     The NMUPA contains specific evidentiary and procedural requirements to adjudicate parentage. The NMUPA "applies to determination of parentage in New Mexico," § 40-11A-103(A), which is "the establishment of the parent-child relationship" by voluntary acknowledgment or judicial adjudication, § 40-11A-102(H). A person who alleges that parentage is established through one of the presumptions listed in Section 40-11A-204(A) must produce sufficient evidence to raise the presumption and maintains the burden of persuasion throughout the proceeding. *Cf. Chapman*, 2009-NMSC-041, ¶ 11 (explaining the operation of presumptions in the context of undue influence); *see also* Rule 11-301 NMRA ("[T]he burden of persuasion . . . remains on the party who had it originally."); § 40-11A-601 ("The proceeding [to adjudicate parentage] is governed by the Rules of Civil Procedure for the District Courts.").

{6}     Once a presumption of parentage is established, § 40-11A-201, if the presumption is contested, the party against whom the presumption is directed then "has the burden of producing evidence to rebut the presumption," Rule 11-301; *see* § 40-11A-204(B) (requiring that a presumption of parentage be rebutted "only by an adjudication pursuant to Article 6 of the [NMUPA]"); § 40-11A-631 ("Rules for adjudication of paternity."). "An unrebutted presumption of parentage conclusively establishes the parent-child relationship." *Soon v. Kammann*, 2022-NMCA-066, ¶ 12, 521 P.3d 110, *cert. granted*, 2022-NMCERT-010 (S-1-SC-39544). The

holding out presumption at issue in the present case is set forth in Section 40-11A-204(A)(5), which permits a presumption of parentage if "for the first two years of the child's life, [the presumed parent] resided in the same household with the child and openly held out the child as [their] own." The NMUPA does not define the term "held out the child as [their] own," *see* § 40-11A-102 (definitions).[1]

{7}    The Petition in the present case alleged the holding out presumption using a form provided by the district court, which includes language that is from a repealed version of the NMUPA. *See* NMSA 1978, § 40-11-5(A)(4) (1997) ("A [person] is presumed to be the natural [parent] of a child if . . . while the child is under the age of majority, [the person] openly holds out the child as [that person's] natural child and has established a personal, financial or custodial relationship with the child."). Accordingly, Petitioner alleged that she "openly held out" Child as her daughter and "established a personal, financial, or custodial relationship with [C]hild." In the written order granting Respondent's motion to dismiss, as we have noted, the district court found that Child "[was] under the age of two years old" and concluded that "[t]his case [was] not governed by the [NMUPA]" and "[t]here is no presumption of parentage under these facts." In reaching this conclusion, the district court appears

---

[1]Section 40-11A-106 states that the "[p]rovisions of the [NMUPA] relating to determination of paternity apply to determinations of maternity insofar as possible." We have therefore, under the circumstances of this case, elected to set forth the statute neutrally.

5

to refer to the holding out presumption of Section 40-11A-204(A)(5), because, if Child was under two years old, Petitioner could not have satisfied the two-year requirement. After concluding that the NMUPA did not apply, the district court found that Petitioner failed to prove that the parties had (1) "an agreement about co-parenting or that co-parenting had ever become the status quo between them for the household"; (2) "a stable, exclusive commitment to one another which preceded the birth of [C]hild or parenthood thereafter"; (3) "the kind of relationship where each contributed to the household to sustain a family home"; and (4) "the kind of relationship where decisions were made jointly about careers, bill payments, or healthcare let alone about a marriage or parenthood."

{8}    As both parties point out in their briefing, the district court's finding regarding the Child's age is clearly erroneous. *See Cortez v. Cortez*, 2009-NMSC-008, ¶ 12, 145 N.M. 642, 203 P.3d 857 ("Unless clearly erroneous or deficient, findings of the trial court will be construed so as to uphold a judgment rather than to reverse it." (text only) (citation omitted)). The record reflects that when Petitioner filed the Petition, Child was over two years old: Child was born in July 2019, the Petition was filed in November 2021 and alleged that Petitioner lived with Child until September 2021. As we have noted, it seems that the district court's conclusions that "[t]his case [was] not governed by the [NMUPA]" and "[t]here is no presumption of parentage under these facts" were based on Child's age. Respondent concedes the

error but contends that the error is not reversible. *See* Rule 1-061 NMRA (harmless error). We agree with Petitioner that the NMUPA controls the parentage determination in the present case.

{9}	It is for the district court in the first instance to determine whether the statutory presumption of parentage has been established by the evidence presented and whether Respondent has rebutted the presumption. *See* § 40-11A-204. The presumption of parenthood can be rebutted only by admissible results of genetic testing, *see* § 40-11A-204(B) (limiting the rebuttal of the presumption of parentage to adjudications pursuant to Article 6 of the NMUPA); § 40-11A-631(A), but the results of genetic testing are only admissible if the test is performed with the consent of both parties or by a court order, *see* § 40-11A-621(C). A party can move to compel genetic testing, but the district court may deny such a motion under certain circumstances "if the district court determines by clear and convincing evidence that (1) the conduct of the mother or the presumed parent estops that party from denying parentage; and (2) it would be inequitable to disprove the presumed parent's relationship with the child." *Soon*, 2022-NMCA-066, ¶ 20 (citing § 40-11A-608(A), (D)). Section 40-11A-608(B) further dictates that when determining whether to deny a motion for genetic testing, the district court "shall consider the best interest of the child," as well as nine additional factors. If the district court considers these factors and denies the motion for genetic testing, the presumption of parenthood controls.

*See* § 40-11A-608(E). If the motion for genetic testing is granted, however, "[t]he NMUPA sets forth the general rule that a person excluded as the parent by genetic testing would normally be adjudicated not to be the parent of the child." *Soon*, 2022-NMCA-066, ¶ 20 (citing § 40-11-A-631(D)).

{10} We recognize that this statutory procedure is both an opportunity and a burden. The risk exists that people without a real interest in the care of a child may vindictively assert parentage, just as the risk exists that biological parents may attempt to thwart the statutory process for establishing parentage by opposing a genuine parent or demanding parenthood from an unaffiliated person. Justice Bosson noted the potential for this mischief in the *Chatterjee* concurrence. *See* 2012-NMSC-019, ¶¶ 57-59 (Bosson, J., specially concurring). The risk also exists that those with the fewest resources, the least societal power, and the most to lose will have to come to court to defend the makeup of their families. We tolerate these risks because "the child's best interests are served when intending parents physically, emotionally, and financially support the child from the time the child comes into their lives," and there is "no reason for children to be penalized because of the decisions that their parents make, legal or otherwise." *Id.* ¶¶ 33, 37. It is to protect the rights of children that our courts and the adult parties must abide by the statutory guidelines that are designed to ensure that "every child should be treated equally, regardless of the marital status of the child's parents." *Id.* ¶ 33.

{11} Despite the fact-intensive nature of the presumption and rebuttal inquiries, Respondent encourages this Court to affirm the district court's order based on arguments that the error regarding Child's age did not affect the outcome of the case, the district court ruled on grounds unrelated to Child's age, and the parties' rights were adequately protected during the proceedings. We view this argument to be that the district court was right for any reason. "We are a court of review and our function is to see if legal error that would change the result occurred." *In Re Elizabeth A.*, 2024-NMCA-017, ¶ 23, 542 P.3d 793 (text only) (citation omitted), *cert. denied* (S-1-SC-40174, Jan. 21, 2024). As a proper exercise of our authority, "we will uphold a district court's decision if it is right for any reason so long as (1) reliance on the new ground would not be unfair to the appellant; (2) doing so does not require us to assume the role of the district court by delving into fact-dependent inquiries; and (3) there is substantial evidence to support the ground on which we rely." *Id.* ¶ 24 (text only) (citation omitted). According to Respondent, the error was harmless because "remand for a finding that Child was actually two" would be "futile" and "a waste of judicial resources," as the error concerning Child's age "did not affect the substantial rights of the parties." *See* Rule 1-061. Under these circumstances, as we explain, we disagree and conclude that to decide the matter on appeal would require us to delve into fact-dependent inquiries, which is the role of the district court.

{12} The purpose of remand in the present case is greater than to simply correct the finding about Child's age. The error regarding Child's age resulted in a determination that the NMUPA did not apply. Resolution of this appeal would require us to weigh the evidence presented to determine whether Petitioner established sufficient evidence for the presumption and whether Respondent rebutted any presumption established. *See Freeman v. Fairchild*, 2018-NMSC-023, ¶ 35, 416 P.3d 264 (concluding that the case was not well-suited to the application of the right for any reason doctrine because in part "[t]he appellate court would need to undertake a fact-dependent inquiry to accurately determine whether [a party] made a sufficient prima facie showing under [particular] law"). At the evidentiary hearing, Petitioner presented evidence and testified about facts relevant to establishing the requirements of the holding out presumption of Section 40-11A-204(A)(5). Similarly, Petitioner's proposed findings of fact and conclusions of law were based on the application of the holding out presumption. Respondent responded to Petitioner's allegations regarding the NMUPA and also separately focused on constitutional issues involving consent and other considerations. The district court did not apply the NMUPA and focused on Respondent's ongoing intent to parent alone. Because the district court did not apply the NMUPA, no findings were made about the holding out presumption or rebuttal of that presumption, according to the provisions of the NMUPA that we have outlined herein. *See Soon*, 2022-NMCA-

10

066, ¶¶ 20-21. We make no determination about any outcome on remand. The weight of the evidence relating to the holding out presumption and any rebuttal evidence must be resolved by the district court sitting as fact-finder. *See Chapman*, 2009-NMSC-041, ¶ 11 (observing that the district court's decision in a civil nonjury trial is reached by weighing the evidence). Thus remand is neither a futile exercise nor a waste of judicial resources, and we would be required to assume the district court's fact-finding role to resolve the matter as it was raised by the parties under the NMUPA. *See* § 40-11A-204; *Soon*, 2022-NMCA-066, ¶¶ 20-21.

{13}    Respondent additionally contends, for the first time on appeal, that Petitioner lacked standing to seek an adjudication of parentage. Our Supreme Court in *Chatterjee*, however, held that under the prior version of the NMUPA, a party has standing when "allegations satisfy the hold out provision of" Section 40-11-5(A)(4) (1997). *Chatterjee*, 2012-NMSC-019, ¶ 48. The current statute similarly states that "a proceeding to adjudicate parentage may be maintained by . . . a [person] whose [parentage] of the child is to be adjudicated." Section 40-11A-602(C). In the present case, Petitioner filled out a court-provided form[2] titled, "Petition To Establish Parentage, Determine Custody and Time-Sharing and Assess Child Support," which provided boxes to check in order to establish various bases for the allegation of

---

[2] This form can be found at https://seconddistrict.nmcourts.gov/wp-content/uploads/sites/21/2023/11/06PCP_PetitionToEstablishParentage.pdf.

11

parentage, including by the holding out presumption. The Petition alleged that Child was born on July 3, 2019, and Petitioner filled in the time that she lived with Child, which added up to more than two years—from July 3, 2019 through September 20, 2021—and which corresponds with the first two years of Child's life. By these allegations, sparse though they are, Petitioner alleged that parentage was based on the requirements of the holding out provision of Section 40-11A-204(A)(5).

{14}     Respondent further maintains that Petitioner's standing is impacted by Respondent's constitutional right, established in *Troxel v. Granville*, 530 U.S. 57, 66 (2000), "to make decisions about the care, custody, and control of . . . Child," and thus required Respondent's consent for Petitioner to become Child's parent. In the present case, however, Petitioner did not seek as a third-party to interfere with Respondent's right to make decisions about the care, custody, and control of Child. *See id.* at 75 (holding that the application of a state statute, which allowed any person to petition for visitation rights if in the best interest of the child, violated a nonconsenting parent's "due process right to make decisions concerning the care, custody, and control" of their children). Petitioner instead sought to adjudicate her statutory right to be Child's parent. *See* § 40-11A-602 (identifying individuals with standing to request adjudication of parentage). The facts that Respondent alleges to demonstrate that she did not consent to Petitioner being a parent are among those that are relevant to whether a motion for genetic testing should be granted or denied,

12

*see* § 40-11A-608(A), (B), but we cannot conclude that Petitioner, who alleged facts to establish the holding out presumption, did not have standing to seek an adjudication of parentage.

**CONCLUSION**

{15}     Based on the foregoing, we reverse the district court and remand for further proceedings consistent with this opinion. Respondent requests that in the event of remand, we "order the district court to appoint a guardian ad litem for Child to advocate for her best interests and to ensure her safety." Petitioner does not oppose the appointment of a guardian on remand. Because of the nature of the proceeding to adjudicate parentage and Respondent's concerns for Child's safety, on remand, we further direct the district court to determine whether the appointment of a guardian ad litem is necessary to protect Child's interests. *See* § 40-11A-612(B) ("The district court shall appoint a guardian ad litem to represent a minor or incapacitated child if the child is a party or the district court finds that the interests of the child are not adequately represented."); *see also Toney*, 2019-NMCA-035, ¶ 24 ("[I]n every proceeding in which minor children are involved, a court's primary obligation is to further the best interests of the child." (internal quotation marks and citation omitted)).

13

{16}    **IT IS SO ORDERED.**

_____
**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

_____
**ZACHARY A. IVES, Judge**

_____
**SHAMMARA H. HENDERSON, Judge**

14